UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NEW YORK

| | |
|---|---|
| FLOODBREAK, LLC, <br>  Plaintiff, <br><br> v. <br><br> T. MORIARTY & SON, INC., and JAMES P. MORIARTY JR., <br><br>  Defendants. | Civil Action No. 23-6185 <br><br> **JURY TRIAL DEMANDED** |

## COMPLAINT

FloodBreak, LLC, plaintiff, complains of T. Moriarty & Son, Inc., and James P. Moriarty Jr., defendants, for infringing FloodBreak's U.S. Patent No. 9,752,342 (the "'342 patent") and alleges as follows:

### REASON FOR ACTION

1.      The invention at the center of this case provides flood protection for underground air vents. The impetus for it came from the catastrophic flooding that swamped the New York City subway system during Superstorm Sandy in October 2012. Within a year, FloodBreak's founder, Louis A. Waters Jr., invented a mechanical closure device ("MCD") that would shut ventilation openings at grade level to allow existing below-ground pumps to clear subway tracks and facilities of standing water. Without the MCDs, a major flood event like Sandy would send millions of gallons of water through

1

sidewalk gratings, overwhelming the pumps' capacity and causing billions of dollars in damage to the subway system, extreme loss in wages to workers, and severe disruption of business. The defendants in this action relied on FloodBreak's invention to win more than $17 million in construction work with the New York City subway system and continued using it after the '342 patent issued. FloodBreak brings this action for all appropriate relief, including treble damages for defendants' deliberate and willful infringement of the '342 patent.

## PARTIES

2.      FloodBreak, LLC, a Texas limited liability company, has its principal place of business at 5909 West Loop South, Suite 200, Bellaire, Texas 77401. FloodBreak owns all right, title, and interest in the '342 patent. FloodBreak also fabricates and sells MCDs that practice the invention of the '342 patent.

3.      T. Moriarty & Son, Inc. ("Moriarty Inc."), a New York corporation, has its principal place of business at 63 Creamer Street, Brooklyn, New York 11231 and may receive service of summons and complaint through Mr. James P. Moriarty, Jr., its owner and chief executive officer, at its principal place of business. Moriarty Inc. performs construction work, including installation of MCDs that practice the invention of the '342 patent.

4.      James P. Moriarty, Jr. ("Moriarty"), an individual citizen of the State of New York, may receive service of summons and complaint at 63 Creamer Street,

Brooklyn, New York 11231. Moriarty has at all relevant times owned and controlled Moriarty Inc. and served as its CEO.

## JURISDICTION AND VENUE

5. FloodBreak brings this action for patent infringement under the laws of the United States, 35 U.S.C. §§ 271-299.

6. The Court has jurisdiction of the subject matter under 28 U.S.C. §§ 1331 and 1338.

7. The Court has personal jurisdiction over Moriarty Inc. and Moriarty because they are citizens of this State. The Court also has personal jurisdiction over Moriarty Inc. and Moriarty by virtue of, among other things, their conducting a substantial, systematic, and continuous business of making, using, offering to sell, and selling goods and/or services in this Judicial District, both generally and with respect to the allegations in this Complaint, including their acts of infringement in this Judicial District. FloodBreak's claims arise out of Moriarty Inc.'s and Moriarty's purposeful acts in this State. Exercising personal jurisdiction over them therefore accords with the requirements of due process.

8. Venue properly lies in this Judicial District under 28 U.S.C. §§ 1391(b) and (c) and § 1400(b).

## FACTS

### Waters and the Invention

9. Waters, the founder of FloodBreak, earned a Bachelor of Science degree in Mechanical Engineering from Rice University and a Master of Business Administration degree from INSEAD. Since 1995, the U.S. Patent and Trademark Office has recognized Waters for his inventiveness by issuing two dozen patents that name him as inventor or co-inventor. Several relate to devices that protect structures against flooding.

10. On October 6, 2013, Waters filed a provisional patent application with the U.S. Patent and Trademark Office. He entitled it "Flood Protection for Underground Air Vents." His assignee, FloodBreak, amended the application and filed it one year later as a nonprovisional patent application.

11. The '342 patent relates to innovative MCDs for blocking flood water from entering underground ventilation passages. Its initial inspiration came from the flooding of the New York City subway system after torrential rains defeated the ability of the system's powerful pumps to keep water above ground during Superstorm Sandy in October 2012.

### Art Metal Industries

12. Art Metal Industries, Inc. ("AMI"), a metal fabricator with its principal place of business in New Milford, Connecticut, has made, used, offered for sale, and sold MCDs for installation in ventilation ducts in the New York City subway system.  In doing

so, AMI knowingly copied FloodBreak's invention. AMI supplied infringing MCDs to Moriarty Inc. for installation in the New York City subway system.

13. In early 2015 and again in the first half of 2016, Waters met with AMI's CEO, Kevin Biebel, and told him that FloodBreak had filed an application with the U.S. Patent and Trademark Office for a patent on the MCD apparatus FloodBreak proposed to install in the New York City subway system.

### Publication of FloodBreak's Patent Application

14. On April 7, 2016, the U.S. Patent and Trademark Office published FloodBreak's application for the '342 patent.

### Moriarty Inc.

15. Moriarty Inc., a construction contractor, bid on a contract with the NYC Metropolitan Transit Authority ("MTA") to perform construction work on properties in the New York City subway system for $17,417,700. The work under contract included providing and installing MCDs. On September 7, 2016, the MTA awarded Contract E-31689 to Moriarty Inc.

16. On December 14, 2016, Waters met with Moriarty Inc.'s CEO, Moriarty, to discuss purchase of the MCDs for the work under Contract E-31689 from FloodBreak. As Moriarty knew, Contract E-31689 required installation of FloodBreak's MCDs or "approved equals". Waters told Moriarty that FloodBreak had a patent application pending on FloodBreak's MCD apparatus.

17. In early 2017, Moriarty met with Biebel at AMI's shop in New Milford, Connecticut. They discussed AMI's ability to fabricate MCDs sufficiently similar to FloodBreak's as to satisfy the requirement under Contract E-31689 for "approved equals" of FloodBreak's MCDs. Moriarty decided to purchase the MCDs from AMI instead of FloodBreak.

18. On June 9, 2017, Moriarty Inc. represented in a submission to the MTA in connection with Contract E-31689 the AMI MCD as "equal" to FloodBreak's. On August 14, 2017, the MTA accepted the representation.

19. Three days later, Moriarty Inc. issued a purchase order for AMI to supply 399 MCDs for installation under Contract E-31689.

### Issuance of the '342 Patent

20. On September 5, 2017, the U.S. Patent and Trademark Office granted FloodBreak's patent application and issued the '342 patent to FloodBreak. Under 35 U.S.C. § 282, the '342 patent has a presumption of validity.

### FloodBreak's Lawsuit Against AMI

21. On February 22, 2018, FloodBreak, through its counsel, sent a letter to AMI and its president Biebel by overnight mail and in the letter advised AMI that its MCD infringed at least claims 1, 4-5, 8, 10, 14, and 20-24 of the '342 patent; demanded that AMI cease its infringing conduct; and enclosed a copy of the '342 patent. AMI did not respond.

22. On March 26, 2018, FloodBreak sued AMI and Biebel for infringing the '342 in *FloodBreak, LLC v. Art Metal Industries, LLC*, No. 18-cv-00503-SRU (D. Conn.) ("*FloodBreak v. AMI*").

23. On February 28, 2019, FloodBreak's counsel deposed Moriarty about Moriarty Inc.'s sale and installation of infringing MCDs in the New York City subway system. The notice of Moriarty's deposition included a copy of the '342 patent.

24. Proceedings in *FloodBreak v. AMI* established that the same MCDs Moriarty Inc. bought from AMI and sold to NYC MTA infringed the '342 patent. U.S. District Judge Stefan Underhill conducted an evidentiary hearing to determine whether to grant a pretrial attachment of AMI's and Biebel's assets to secure a likely final judgment in FloodBreak's favor. On February 21, 2021, Judge Underhill found "probable cause that FloodBreak will prevail on its direct and induced infringement claims" and that FloodBreak will recover "at least $17,811,202" in damages. *FloodBreak v. AMI*, Doc. 284 at 32.

25. On July 21, 2022, AMI, Biebel, and AMI's parent company, Diego Trust, LLC ("Diego"), stipulated to the validity and enforceability of the '342 patent. *FloodBreak v. AMI*, Doc. 370 at 2. Their stipulation specified that they directly infringed and induced infringement of at least claims 1, 4-5, 8, 10, 14, and 20-24 of the '342 patent by supplying MCDs to Moriarty Inc.; that in doing so they acted willfully; and that their infringement damaged FloodBreak in the amount of at least $17,811,202. *Id.* at 1-2

26. Seven days later, Judge Underhill entered final judgment on the stipulation in favor of FloodBreak. The judgment awarded FloodBreak $17,811,202 and permanently enjoined AMI, Biebel, Diego, "and those persons in active concert or participation with any of them" from "engaging in further acts of infringement of the '342 Patent". *Id.* at 2.

27. FloodBreak has received little or nothing towards satisfying the judgment.

## CLAIMS
### Direct Infringement

28. FloodBreak realleges each of the preceding allegations.

29. Moriarty Inc. has directly infringed one or more claims of the '342 patent, including at least claims 1, 4-5, 8, 10, 14 and 20-24, by offering to sell and selling the AMI MCDs within the United States and in this Judicial District and continues to infringe the claims of the '342 patent, in violation of 35 U.S.C. § 271, by warranting, servicing, and supporting use of the MCDs it has sold.

30. No later than August 17, 2017, when it issued a purchase order for AMI to supply MCDs, Moriarty Inc. knew FloodBreak had filed a patent application on the MCD apparatus that the MTA required for work under Contract E-31689. Two months earlier, Moriarty Inc. had represented its MCDs as "equal" to the FloodBreak MCDs, which Moriarty knew practiced the invention of the '342 patent. On August 14, 2017, the MTA accepted Moriarty Inc.'s "equal" representation, enabling Moriarty Inc. to buy and

use AMI's MCDs at a lower cost and therefore to make a higher profit on Contract E-31689. Moriarty Inc. even had explicit notice of the '342 patent no later than February 2019, when Moriarty received a copy of the '342 patent along with the notice of his deposition in *FloodBreak v. AMI*. Moriarty Inc. did not infringe the '342 patent innocently but did so willfully and deliberately, to FloodBreak's damage and loss.

## Inducement of Infringement

31. FloodBreak realleges each of the preceding allegations.

32. Moriarty actively induced Moriarty Inc. to infringe the '342 patent. As Moriarty Inc.'s CEO, Moriarty actively aided and abetted Moriarty Inc.'s direct infringement by supervising, directing, participating in, and approving Moriarty Inc.'s infringing activities.

33. No later than August 17, 2017, when it issued a purchase order for AMI to supply MCDs, Moriarty knew FloodBreak had filed a patent application on the MCD apparatus that the MTA required for work under Contract E-31689. Two months earlier, with Moriarty's knowledge and approval, Moriarty Inc. had represented its MCDs as "equal" to the FloodBreak MCDs, which Moriarty knew practiced the invention of the '342 patent. On August 14, 2017, the MTA accepted Moriarty Inc.'s "equal" representation, enabling Moriarty Inc. to buy and use AMI's MCDs at a lower cost and therefore to make a higher profit on Contract E-31689. Moriarty even had explicit notice of the '342 patent no later than February 2019, when Moriarty received a copy of the '342

patent along with the notice of his deposition in *FloodBreak v. AMI*. Moriarty did not infringe the '342 patent innocently but did so willfully and deliberately, to FloodBreak's damage and loss.

## CONCLUSION

FloodBreak prays for judgment and relief against Moriarty Inc. and Moriarty, including:

  A.  Adjudging that Moriarty Inc. and Moriarty have infringed the '342 patent;

  B.  Adjudging that Moriarty Inc. and Moriarty must account to FloodBreak for damages they caused by their infringement, together with pre-judgment and post-judgment interest;

  C.  Adjudging that Moriarty Inc. and Moriarty willfully infringed the '342 patent and trebling its damages under 35 U.S.C. § 284;

  D.  Adjudging that this case is an exceptional case and awarding FloodBreak its costs, expenses, and reasonable attorneys' fees under 35 U.S.C. § 285; and

  E.  Awarding such other and further relief as the Court may deem just and proper.

## JURY DEMAND

Under Rule 38(b) of the Federal Rules of Civil Procedure, FloodBreak demands a trial by jury of all issues so triable by right.

| | |
|---|---|
| Date: August 16, 2023 | Respectfully submitted, |
| | /s/ Barry Barnett |
| | Barry Barnett |
| | SUSMAN GODFREY L.L.P. |
| | 1301 Avenue of the Americas, 32nd Floor |
| | New York, New York 10019 |
| | Telephone: 212-336-8330 |
| | Facsimile: 212-336-8340 |
| | Email: bbarnett@susmangodfrey.com |
| | |
| | **Attorneys for Plaintiff FloodBreak, LLC** |

## **CERTIFICATION**

I hereby certify that on August 16, 2023, my office filed a copy of this Complaint electronically and served a copy by mail on anyone unable to accept electronic filing. My office will send notice of this filing by email to all parties by operation of the Court's electronic filing system or by mail to anyone unable to accept electronic filing as indicated on the Notice of Electronic Filing. Parties may access this filing through the Court's CM/ECF System.

/s/ Barry Barnett
Barry Barnett